IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
TODD CARLTON SMITH,            )
                               )
               Plaintiff,      )    CIVIL ACTION
                               )
v.                             )    No.  07-3057-MLB
                               )
TERRY WOODS,                   )
               Defendant.      )
                               )
```

**MEMORANDUM AND ORDER**

On February 18, 2009, this court entered an order to show cause why the court should not reconsider its ruling granting plaintiff in forma pauperis status after the arguments raised by defendant in his motion to dismiss. (Doc. 38). Plaintiff has responded to this court's order. (Doc. 40).

**I.   Facts**

Plaintiff, an inmate incarcerated in the Hutchinson Correctional Facility, initiated this civil rights complaint against Terry Woods, a former employee of Aramark, an independent contractor for the Kansas Department of Corrections. According to the complaint, plaintiff was incarcerated in the protective custody unit at Lansing Correctional Facility on November 25, 2006. At approximately 3:30 p.m., plaintiff received his evening meal. When plaintiff began to eat the mashed potatoes, he felt something cut his mouth. Plaintiff spit out the food and a razor blade was found in the potatoes. Plaintiff was attended to by the medical staff. The staff searched the other food trays and failed to find any additional razor blades.

Plaintiff asserts that defendant does not properly supervise the

food trays and therefore, jeopardizes plaintiff's safety.

**II.   Litigation History**

Plaintiff is a frequent filer in the federal court system. Recently, Judge Crow denied plaintiff in forma pauperis status and dismissed plaintiff's complaint for failure to pay the filing fee. See Smith v. Aramark Food Serv., Inc., et al., No. 08-3157-SAC, Dkt. 4. Prior to Judge Crow's order, a judge in the Southern District of Florida determined that plaintiff had filed more than three actions that were dismissed for failure to state a claim. Plaintiff was denied in forma pauperis status and his complaint was dismissed. See Smith v. Federal Bureau of Prisons, No. 08-21795 (S. D. Fl. 2008). The court has reviewed those cases cited and determined that plaintiff has had at least four cases dismissed for failure to state a claim:

1) Smith v. Moore, 01-Civ-203-WS (N. D. Fl.)

   Dismissed, failure to state a claim.

2) Smith v. Bruce, 03-3116-GTV (D. Kan.)

   Dismissed, failure to state a claim. Dismissal affirmed by the Tenth Circuit.[1]

3) Smith v. Cummings, 06-3196-SAC (D. Kan.)

   Dismissed, failure to exhaust administrative remedies.

4) Smith v. Ft. Lauderdale PD, 04-60806 (S. D. Fl.)

   Mandamus dismissed for failure to state a claim.

**III. Analysis**

The Prison Litigation Reform Act (PLRA) controls this action and

---

[1] The court has determined that the affirmance of this court's dismissal does not count as an additional strike. See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780-81 (10th Cir. 1999).

section 1915 provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff does not contest that his prior dismissals count as three or more strikes under the PLRA. Rather, plaintiff argues that his allegations rise qualify for the imminent danger exception under section 1915(g). To determine whether plaintiff is under imminent danger of serious physical injury, "the harm must be imminent or occurring at the time the complaint is filed." Fuller v. Wilcox, No. 08-3077, 2008 WL 2961388 (10th Cir. Aug. 4, 2008)(citing Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past injury or harm are insufficient, as are vague and conclusory assertions of harm. . . plaintiff's complaint must therefore contain specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. (citing White v. Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998); Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff asserts that he was in imminent danger at the time he filed the complaint. The court disagrees. The injury plaintiff suffered was a discrete act. Plaintiff has not alleged that he is subject to continuous acts of food tampering. One discreet act is not sufficient to satisfy the allegation of ongoing serious injury or the

likelihood of future injury.  Id.  Plaintiff has failed to set forth any facts or evidence to demonstrate physical harm that will occur if legal action is not immediately taken.  Moreover, if plaintiff was fearful of immediate danger, why did he wait more than three months to file this action?  The passage of "time of the alleged injury and the filing of the complaint belies any danger."  Cosby v. Gray, No. 04-1286, 2005 WL 115477, *2 (10th Cir. Jan. 20, 2005)(four months between incident and filing too long to demonstrate immediate danger).

Moreover, within one month of serving the summons on defendant, plaintiff was transferred to another facility.  Plaintiff's placement in another facility has mooted his claim of immediate danger as plaintiff is not in the same facility as defendant.  See Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999).

Accordingly, plaintiff may proceed in this action only if he pays the filing fee of $350.00 that is charged for filing a civil rights complaint under 42 U.S.C. § 1983.  Plaintiff is granted thirty (30) days from the date of this order to submit the $350.00 filing fee. Failure to pay the full filing fee by that time will result in the dismissal of this action without prejudice.

IT IS SO ORDERED.

Dated this   27th   day of February 2009, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE